*Drawbridge v. Schenectady County Dept. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

Timothy Drawbridge,

> *Plaintiff-Appellant,*

Timothy J. Drawbridge, Sr., Josephine T. Drawbridge,

> *Plaintiffs,*

> v.                                                                          **23-1214**

**Schenectady County Department of Social Services, Schenectady County,**

*Defendants-Cross Claimants-Cross Defendants-Appellees,*

**Northeast Parent and Child Society, Inc.,**
**Northern Rivers Family Services, Inc.,**
**Parsons Child and Family Center,**

*Defendants.*[*]

_____


FOR PLAINTIFF-APPELLANT:                    MARIO DAVID COMETTI,
                                            Cometti Law Firm,
                                            Delmar, NY.


FOR DEFENDANTS-APPELLLEES:                  WILLIAM T. O'CONNELL,
                                            Jonathan M. Bernstein,
                                            Goldberg Segalla LLP,
                                            Albany, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

_____

[*] The clerk is respectfully directed to amend the case caption.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Timothy Drawbridge appeals from a decision of the district court granting Defendant-Appellee Schenectady County's (the County) motion to dismiss under Federal Rule of Civil Procedure 12(c). Drawbridge only appeals the dismissal of Count One of the Amended Complaint, a 42 U.S.C. § 1983 claim that the County violated his constitutional substantive due process rights by interfering with his "parental rights, including the right to enjoy and participate in the parenting of his child." J. App'x at 87. On appeal, Drawbridge argues that the district court erred by dismissing his § 1983 claim for failure to allege a plausible basis for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

We assume the parties' familiarity with the underlying facts, procedural history, and issues on review, to which we refer only as necessary to explain our decision.

3

## I. *Monell* **Liability**

We review *de novo* the district court's grant of relief under Rule 12(c), "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Drawbridge's claim against the County rests on the County Department of Social Services' (County DSS) alleged failure to adequately train or supervise its employees with respect to their responsibility to investigate and fact find before filing "Neglect" petitions against him in Schenectady County Family Court in 2017 and 2018. Specifically, Drawbridge alleges a host of misconduct on the part of County DSS employees charged with carrying out the investigation, including fabricating accusations against Drawbridge without evidence, failure to maintain investigative records, and conducting interviews with Drawbridge's child in contravention of accepted professional standards.

4

Drawbridge's claim fails because, even assuming *arguendo* that a substantive due process violation occurred, Drawbridge failed to allege that any such violation resulted from a County DSS policy. A municipality can be liable for a constitutional violation under *Monell* if the plaintiff can establish that "the violation of his constitutional right resulted from a municipal custom or policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quotation marks omitted). "In limited circumstances, a local government's decision not to train [or supervise] [its] employees [with respect to] their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of [liability under] § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But a § 1983 claim against a municipality "is at its most tenuous where a claim turns on a failure to train" because the municipality's failure to train "must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Id.* (cleaned up). Notably, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (quotation marks omitted).

Drawbridge's allegations fall far short of such a showing. He argues that the facts surrounding this isolated incident alone "evince[] a total and complete lack of training." Appellant's Br. at 22. His arguments on appeal amount to the claim that the individual misconduct alleged here was so grossly negligent that the only explanation is the County DSS's "lack of [a] policy to even convey the substance of any policy." *Id.* But such a conclusory allegation does not suffice to state a claim of *Monell* liability. He has not, for instance, alleged "repeated complaints of civil rights violations" or a pattern of unlawful conduct by unsupervised employees that would give rise to deliberate indifference. *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018) (quotation marks omitted). Nor has he alleged that County policymakers failed to act in the face of other "actual or constructive notice." *Hernandez v. United States*, 939 F.3d 191, 207 (2d Cir. 2019) (quoting *Connick*, 563 U.S. at 61).

In short, Drawbridge did not set forth sufficient plausible, non-conclusory allegations that, if proven, would establish that any County "custom or policy" actually resulted in the alleged due process violations. Accordingly, the district

6

court was correct to dismiss Drawbridge's substantive due process claim against the County.

\* \* \*

We have considered all of the arguments raised by Drawbridge and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court